NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AURELIANO HERNANDEZ HERRERA, *Appellant.*

No. 1 CA-CR 19-0144
FILED 10-3-2019

Appeal from the Superior Court in Coconino County
No. S0300CR201700847
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

---

**S W A N N**, Chief Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Aureliano Hernandez Herrera's conviction and sentence for sexual assault. Neither Herrera nor his counsel identify any issues for appeal. We have reviewed the record for fundamental error. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).

¶2 At trial, the state presented evidence of the following facts. One night in July 2015, roommates J.H. and J.C. went to a bar. J.H. became extremely inebriated. She and J.C. accepted a ride home from Herrera, whom they did not know. Unable to find J.C. and J.H.'s residence, Herrera took J.C. and J.H. to a motel and rented separate rooms for them. Herrera and J.C. carried J.H. to her room because she was unable to walk. J.C. then went to his room.

¶3 J.H. woke the next morning covered in vomit, with hazy memories of what had occurred the night before. A friend took J.H. to the hospital, where she underwent a sexual assault examination. Herrera's DNA was found in J.H.'s vaginal aspirate. When interviewed by law enforcement, Herrera initially denied that he had sexual intercourse with J.H., but later claimed that he had consensual intercourse with her.

¶4 The state charged Herrera with one count of sexual assault, a class 2 felony. A jury convicted Herrera as charged, and the superior court sentenced him to a mitigated term of 5.25 years in prison with credit for 458 days of presentence incarceration.

¶5 We detect no fundamental error. All of the proceedings were conducted in compliance with the law. The jury's verdict was supported by sufficient evidence. A person commits sexual assault "by intentionally or knowingly engaging in sexual intercourse . . . with any person without the consent of such person." A.R.S. § 13-1406(A). "'Sexual intercourse' means penetration into the . . . vulva . . . by any part of the body or by any

object . . . ." A.R.S. § 13-1401(A)(4). Sexual intercourse occurs "without consent" when "[t]he victim is incapable of consent by reason of . . . alcohol . . . and such condition is known or should have reasonably been known to the defendant." A.R.S. § 13-1401(A)(7). Here, the state's evidence was sufficient to show that Herrera had sexual intercourse with J.H. even though her inebriation rendered her incapable of giving consent. The court imposed a lawful sentence under A.R.S. § 13-1406(B).

¶6        We affirm the conviction and sentence. Defense counsel's obligations in this appeal are at an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Herrera of the status of this appeal and his future options. *Id.* Herrera has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. ("Rule") 31.21(b)(2)(A). Upon the court's own motion, Herrera has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Rule 31.20(c).

